```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Zipline Logistics, LLC,         :

    Plaintiff,               :

  v.                             :  Case No. 2:15-cv-693

Powers & Stinson, Inc., et al.,:  JUDGE GREGORY L. FROST
                                                         Magistrate Judge Kemp

    Defendants.              :

## REPORT AND RECOMMENDATION

This case is before the Court to consider Plaintiff's motion to remand (Doc. 14) and second motion to remand (Doc. 25), which have been referred to the undersigned for a Report and Recommendation. For the following reasons, the Court will recommend that Plaintiff's motion to remand be granted in part and denied in part. (Doc. 14). More specifically, the Court will recommend that the motion to remand be granted to the extent that it seeks remand of this case to the Franklin County Court of Common Pleas, but it will recommend that the motion to remand be denied to the extent that it seeks an award of attorney's fees. The Court will also recommend that the second motion to remand be denied as moot. (Doc. 25).

### I. Background

Plaintiff Zipline Logistics, LLC ("Zipline") filed this case in the Franklin Court of Common Pleas on February 28, 2014. Zipline filed an amended complaint on March 5, 2014 and a second amended complaint on February 5, 2015. In the second amended complaint, Zipline named as defendants Powers & Stinson, Inc. of Memphis, Tennessee, Powers & Stinson, Inc. of Southaven, Mississippi, James Annestedt a/k/a Jim Anderson, Complexity, Inc., Argo Logistics, Inc. LLC [sic], and Donald McKnatt. On February 23, 2015, Powers & Stinson, Inc. (Tennessee) and Powers

& Stinson, Inc. (Mississippi) (collectively "Powers & Stinson") filed a notice of removal, removing the case from the Court of Common Pleas to this Court on the basis of diversity jurisdiction. (Doc. 1). Complexity, Inc. ("Complexity") and Argo Logistics, Inc. LLC [sic] did not join in the notice of removal. The notice states the following with respect to those defendants:

> Complexity, Inc. has been served, and while currently represented, is no longer a going concern, and cannot be reached for consent as they have had no contact with their counsel. Affidavit of Jack S. Gatlin, attached as Exhibit B.
>
> Argo Logistics Inc LLC [sic] has never answered and cannot be reached for consent. Affidavit of Jack S. Gatlin, attached as Exhibit B.

Id. at ¶¶ 22-23.

On March 25, 2015, Zipline filed a motion to remand this case to the Court of Common Pleas. (Doc. 14). In the motion, Zipline argues that "28 U.S.C. §1446(b)(3) is inapplicable because the initial complaint was removable and Defendants Powers & Stinson, Inc. have waived their right to remove. In addition, Defendant Complexity, Inc. has been properly served and participated in this action and has not consented to removal." Id. at 1. Zipline also moves this Court for an award of attorney's fees.

On April 15, 2015, Mr. McKnatt filed a separate notice of removal (the "second notice of removal"). (Doc. 20). In the second notice of removal, Mr. McKnatt "accepts service of the Second Amended Complaint," and states that "Defendants Powers & Stinson, Inc., Powers & Stinson, Inc., James Annestedt, and Complexity, Inc., have not been served the Second Amended

2

Complaint." (Doc. 20 at ¶¶ 4-5). Mr. McKnatt summarizes the procedural history of this case as follows:

> Powers & Stinson, Inc. filed a Notice of Removal on February 23, 2015. Plaintiff responded to that by filing a Motion to Remand.
>
> Despite the Court's ruling on Plaintiff's Motion to Remand, Donald McKnatt has an undeniable right to remove the action to this Court, as well. He is now asserting his independent right to do so.

Id. at ¶¶ 8-9. The second notice of removal seeks to remove this case based upon this Court's diversity jurisdiction. The second notice of removal states the following with respect to the consent of the other defendants:

> Under 28 U.S.C. § 1446(b)(2)(c), James Annestedt aka Jim Anderson, the other Defendant that has been served to date, consents to this removal.
>
> Complexity, Inc. has been served, and while currently represented, is no longer a going concern, and cannot be reached for consent as they have had no contact with their counsel. Affidavit of Jack S. Gatlin, attached as Exhibit B. See also, Affidavit of Russell E. Fox, attached as Exhibit A to Response to Plaintiff's Motion for Remand.
>
> Argo Logistics Inc LLC has never answered and cannot be reached for consent. Affidavit of Jack S. Gatlin, attached as Exhibit B.

Id. at ¶¶ 25-27.

Also on April 15, 2015, Powers & Stinson filed an opposition to Zipline's motion to remand. (Doc. 21). In opposing the motion to remand, Powers & Stinson argue that the first amended complaint was not removable. Rather, they assert that "the second amended complaint combined with plaintiff's counsel's letter and statements gave Powers actual notice that the action was removable." Id. at 5. Powers & Stinson also argue that they were not required to obtain Complexity's consent for removal

3

because Complexity "cannot be found using reasonable diligence." Id.

On May 11, 2015, Zipline filed a reply brief in support of its motion to remand. (Doc. 24). Zipline maintains that the original complaint and first amended complaint were removable and, thus, removal of the second amended complaint is improper under 28 U.S.C. §1446(b)(3). Zipline also reiterates that removal is improper because Complexity, who had filed a motion to dismiss the first amended complaint and answered, did not consent to removal.

On May 14, 2015, Zipline filed a second motion to remand. (Doc. 25). In the second motion, Zipline argues that removal is untimely because Mr. McKnatt's removal "was filed more than thirty days after knowledge that the action was removable and more than a year after its commencement...." Id. at 1. In addition, Zipline again argues that removal is improper because Complexity has not consented to removal.

On June 2, 2015, Mr. McKnatt filed an opposition to the second motion to remand. (Doc. 27). Mr. McKnatt does not challenge Zipline's assertion that this case was removable when filed. Rather, he argues that he was first named as a defendant in this case in the second amended complaint, and Zipline failed to serve him with that complaint. However, Mr. McKnatt asserts that he agreed to accept service through his attorney on April 14, 2015, and then filed a notice of removal on April 15, 2015. These actions, he contends, demonstrate that he filed a notice of removal within the applicable thirty-day period. For the same reason, he argues that his notice of removal is not barred by the one-year limitation set forth in 28 U.S.C. §1446(b). Finally, Mr. McKnatt argues that the consent of Complexity is not required because it cannot be found using reasonable diligence.

Finally, on June 9, 2015, Zipline filed a reply brief in support of the second motion to remand. (Doc. 28). In its reply, Zipline first argues that Mr. McKnatt's answer, filed on February 23, 2015, commenced the running of the thirty-day removal period. More generally, Zipline claims that Mr. McKnatt fails to demonstrate that removal was made properly within the time period specified in 28 U.S.C. §1446. Next, Zipline argues that Mr. McKnatt's admission that the complaint was removable when filed contradicts the argument set forth by Powers & Stinson that the second amended complaint made them aware for the first time that the action was removable. Last, Zipline reiterates that removal is improper because Complexity has not consented.

## II. Discussion

The procedure for removal of civil actions is set forth in 28 U.S.C. §1446. That statute first provides that the defendant seeking to remove an action from state court to federal court must file a signed notice of removal which sets forth the grounds for removal, together with documents from the state court action. 28 U.S.C. §1446(a). Next, the statute provides that the removing defendant or defendants must satisfy several general requirements. First, the notice of removal must be filed:

> within 30 days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of the summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

Id. at §1446(b)(1). The statute further provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Id. at §1446(b)(2)(A).

5

This is referred to as the unanimity requirement.  Section 1441(a) states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. §1441(a).  Section 1446(b) sets forth the following additional requirements:

> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable.

28 U.S.C. §1446(b)(2)(B)-(C), (3).  The statute also sets forth certain requirements applicable when removal is based on diversity of citizenship.  These include a prohibition on removing an action based on diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  Id. at §1446(c)(1).  The remaining provisions in 28 U.S.C. §1446 are not at issue in the pending motions to remand.

The Court now turns to Zipline's original motion to remand. In doing so, the Court will first examine Zipline's argument that this removal was improper because the notice of removal failed to satisfy the unanimity requirement. Simply stated, "when a civil action is removed from state court, and the basis for that removal is entirely predicated upon the district court's original jurisdiction over the action, all properly served defendants must consent to the removal." Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd., 2012 WL 2680667, at *4 (N.D. Tex. July 5, 2012). In their notice of removal, Powers & Stinson indicate that removal is based on this Court's diversity jurisdiction set forth in 28 U.S.C. §1332. Thus, there is no dispute that the unanimity requirement in §1446(b)(2)(A) applies. In opposing Zipline's motion to remand, Powers & Stinson argue that they were excused from the unanimity requirement and did not need to obtain Complexity's consent for removal because, at the time the notice was filed, Complexity could not be found using reasonable diligence.

The Court of Appeals has noted that, although courts strictly construe the unanimity requirement, there are exceptions. For example,

> The exceptions to the general rule that all defendants join or consent to the petition for removal exist when: (1) the non-joining defendant has not been served with service of process at the time the removal petition is filed; (2) the non-joining defendant is merely a nominal or formal party; and, (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. §1441(c).

Klein v. Manor Healthcare Corp., 1994 WL 91786, at *9, n.8 (6th Cir. Mar. 22, 1994), quoting Courtney v. Benedetto, 627 F. Supp. 523, 525-26 (M.D. La. 1986) (footnotes omitted); see also NYCB Mortg. Co. v. Capital Fin. Mortg. Corp., 2014 WL 535706, at *2, n.3 (N.D. Ohio Feb. 6, 2014)(noting that the third exception does

not apply in diversity cases). The inability to locate a defendant despite reasonable diligence is not among the enumerated exceptions to the consent requirement. In addition, Powers & Stinson fail to direct this Court to any case law in support of their position that such an exception should be made.

The removing defendants raised a similar argument in <u>NYCB Mortg. Co. v. Capital Fin. Mortg. Corp.</u>, 2014 WL 535706, at *3 (N.D. Ohio Feb. 6, 2014), asserting that "special circumstances" warranted an exception to the unanimity requirement because a corporate defendant was "no longer conducting business and ha[d] been appointed a receiver...." There, the removing defendants argued that, under the circumstances, obtaining the corporate defendant's consent to removal was "impossible." <u>Id</u>. The Court found this argument to be unpersuasive because the removing defendant could have made a timely request to the receiver for consent to remove. <u>Id</u>. at *4.

Although Powers & Stinson could argue that <u>Hicks v. Emery Worldwide,Inc.</u>, 254 F. Supp.2d 968 (S.D. Ohio 2003) stands for the proposition that the consent of a purportedly defunct corporate defendant is not always required, that case is distinguishable. As the Court observed in <u>NYCB Mortg. Co.</u>, 2014 WL 535706, at *4, in the <u>Hicks</u> case, "the non-removing corporation had been dissolved, its assets sold to another corporation, and service has been made on another unrelated corporation." Thus, the <u>Hicks</u> Court excused the unanimity requirement only after the removing defendants set forth "undisputed evidence" demonstrating that the defendant at issue was "currently a nonexistent entity that has not been properly served." <u>Hicks</u>, 254 F. Supp.2d at 975.

Here, there is no dispute that, in the state court action, Zipline served Complexity with a summons and complaint. Afterwards, Complexity filed a motion to dismiss for lack of

8

personal jurisdiction and an answer in the Franklin County Court of Common Pleas.  In their opposition to Zipline's motion to remand, Powers & Stinson minimize Complexity's role in the litigation, arguing that "Complexity has not participated in this litigation in any meaningful way" and stating that they agreed to indemnify it.  (Doc. 21 at 5).  They add that the Illinois Secretary of State's website reflects that Complexity was involuntarily dissolved on January 10, 2015.  On this basis, Powers & Stinson argue that "Complexity's inability to consent is excused."  Id.

As noted above, Powers & Stinson fail to set forth any case law to support their argument that a "reasonable diligence" exception to the consent requirement exists.  Even if the Court were to find that such an exception exists, the Court would still find that Powers & Stinson have not shown that it applies in this case.  The Court in White v. Bombardier Corp., 313 F. Supp.2d 1295 (N.D. Fla. 2004) was willing to recognize such an exception may exist as to a defaulted defendant, but it found that the removing defendant failed to state with specificity the steps it undertook to obtain the consent of the defendant at issue.  The Court stated:

> in order to excuse such consent, the removing defendant must allege in its petition for removal, and prove upon challenge by a timely motion to remand, that the removing defendant has unsuccessfully exhausted all reasonable efforts to locate the defaulted defendant to obtain its consent.  Conclusory allegations in an affidavit are insufficient.  Instead, to sustain its burden on removal, the removing defendant must describe what efforts it took and those efforts must be consistent with the exercise of reasonable diligence, similar to that necessary for a plaintiff to establish a basis for substitute service.

Id. at 1303-1304 (footnote omitted).

Here, too, Powers & Stinson fail to state with specificity the steps they took to obtain Complexity's consent.  Rather, they

9

merely attach an affidavit of their general counsel which states in a conclusory fashion that Complexity is unreachable. Further, although Powers & Stinson assert that Complexity was involuntarily dissolved on January 10, 2015, they do not present any evidence to establish that fact. Thus, Powers & Stinson do not set forth any evidence to demonstrate that their efforts were consistent with the exercise of reasonable diligence, nor do they provide this Court with any evidence that Complexity was involuntarily dissolved. Powers & Stinson have likewise failed to demonstrate that any other exception to the unanimity requirement applies.

As the removing defendants, Powers & Stinson bear the burden of demonstrating that all procedural requirements set forth in §1446 have been satisfied. Thomas v. Columbia Sussex Corp., 2008 WL 2303046, at *2 (S.D. Ohio May 30, 2008) ("The law places the burden on the defendant to show that removal is in compliance with the procedural requirements"). Further, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." NYCB Mortg. Co., LLC, 2014 WL 535706, at *2. Because "[f]ailure to obtain unanimous consent forecloses the opportunity for removal under Section 1446," Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 516 (6th Cir. 2003), and Powers & Stinson have failed to demonstrate that they have satisfied the unanimity requirement, the Court will recommend that Zipline's motion to remand this matter to the Franklin County Court of Common Pleas be granted. (Doc. 14). Based upon that recommendation, the Court also will recommend that Zipline's second motion to remand be denied as moot. (Doc. 25).

The Court now turns to Zipline's request for attorney's fees under 28 U.S.C. §1447(c). A remand of the case "may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. §1447(c). The

10

decision to award such fees "turns on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  That is, "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id.  Because the Court finds that no unusual circumstances exist in this case and Powers & Stinson had an objectively reasonable basis for removing the case to federal court, the Court will recommend that Zipline's motion be denied to the extent that it seeks an award of attorney's fees. (Doc. 14).

### III. Conclusion

Based upon the foregoing, the Court recommends that Zipline's motion to remand be granted in part and denied in part. (Doc. 14).  More specifically, the Court recommends that the motion to remand be granted to the extent that it seeks remand of this case to the Franklin County Court of Common Pleas, but it recommends that the motion to remand be denied to the extent that it seeks an award of attorney's fees.  The Court also recommends that the second motion to remand be denied as moot.  (Doc. 25).

### IV. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein,

11

may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                                /s/Terence P. Kemp
                                                United States Magistrate Judge