IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ZIPLINE LOGISTICS, LLC

    Plaintiff,                                   Case No. 2:15-00693
                                               JUDGE GREGORY L. FROST
v.                                             Magistrate Judge Terence P. Kemp

POWERS & STINSON, INC., et al.,

    Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of the Magistrate Judge's Report and Recommendation dated July 21, 2015 ("R&R"), Plaintiff's objection thereto (ECF No. 31), and Defendants Donald McKnatt and Powers & Stinson, Inc.'s response to Plaintiff's objection (ECF No. 33). For the reasons that follow, the Court **AFFIRMS AND ADOPTS** the R&R and **REMANDS** this case to the Franklin County Court of Common Pleas.

**I.    BACKGROUND**

This case involves claims for breach of contract and fraud. Plaintiff (an Ohio entity) sued Powers & Stinson, Inc. (a Tennessee corporation) and Powers & Stinson, Inc. (a Mississippi corporation) (collectively, "P&S"), James Annestedt (an individual residing in Mississippi), Complexity, Inc. (an Illinois corporation) ("Complexity"), Argo Logistics Inc. LLC (a Texas company), and Donald McKnatt (an individual residing in Missisippi) in the Franklin County Court of Common Pleas.

Nearly one year later, on February 23, 2015, P&S filed a notice of removal with this Court. Defendant McKnatt (together with P&S, "Removing Defendants") filed his own notice of removal shortly thereafter. Removing Defendants asserted that removal was proper pursuant to

28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

Plaintiff filed two motions to remand this action to state court. In those filings, Plaintiff argued that removal was inappropriate because, *inter alia*, all defendants did not consent to the same. Plaintiff noted that Complexity did not consent to removal.

In response, Removing Defendants argued that Complexity's consent is not required because "Complexity cannot be found using reasonable diligence." (ECF No. 21, at PAGEID # 1009.) Removing Defendants stated:

> Defendant Complexity has not participated in this litigation in any meaningful way. Powers, as its assignee for the purpose of collecting a debt, agreed to indemnify Complexity. Affidavit of Russell E. Fox, ¶ 7. Since the litigation began, Powers contacted Complexity in order to get the information necessary to respond to discovery. *Id.* at ¶ 8. Complexity's responses were filed on June 11, 2014. Neither Powers nor counsel for Powers and Complexity has been able to contact Complexity since June 2014. Id. at ¶ 9. Complexity has Powers' contact information and has failed to correspond with Powers since June 2014. *Id.* at ¶ 10. According to the Illinois Secretary of State's website, Complexity was involuntarily dissolved on January 10, 2015. Given Complexity's failure to contact Powers since June, 2014 and Powers' inability to locate any officers of Complexity, Complexity's inability to consent is excused.

(*Id.*)

The Magistrate Judge addressed the parties' arguments and issued a recommendation to the Court. In the R&R, the Magistrate Judge agreed with Plaintiff that unanimity was required for removal. The Magistrate Judge recommended that the Court grant Plaintiff's motion and remand this case to the Franklin County Court of Common Pleas. Removing Defendants do not object to this conclusion.

Instead, the sole issue before the Court involves the Magistrate Judge's recommendation that the Court deny Plaintiff's request for attorney fees. The Magistrate Judge acknowledged in the R&R that, in certain cases involving remand, a court may award attorney fees and costs

"incurred as a result of removal." 28 U.S.C. § 1447(c). The Magistrate Judge stated: "the decision to award such fees turns on the reasonableness of the removal . . . [a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." (ECF No. 29, at PAGEID # 1098 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).) Because the Magistrate Judge found "that no unusual circumstances exist in this case and [Removing Defendants] had an objectively reasonable basis for removing this case to federal court, the Court will recommend that [Plaintiff's] motion be denied to the extent that it seeks an award of attorney's fees." (*Id.*)

Plaintiff objects to this portion of the R&R. The Court considers that objection below.

## II. DISCUSSION

### A. Standard of Review

Where, as here, a magistrate judge issues a report and recommendation on a nondispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A). Pursuant to this standard, "the Court must 'provide considerable deference to the determinations made by the magistrate judge.' " *Easterling v. 2d Dist. Ct. of App.*, No. 3:13-cv-106, 2013 WL 3872080, at *1 (S.D. Ohio July 25, 2013) (quoting *Moran v. Svete*, C–3–05–072, 2012 WL 1142929, at *1 (S.D. Ohio Apr. 4, 2012)).

3

### B. Analysis

Plaintiff objects to the Magistrate Judge's conclusion that Removing Defendants had an objectively reasonable basis for removing this case to federal court. Plaintiff offers three reasons in support of its position: (1) that Removing Defendants failed to set forth any case law in support of their argument, (2) that Removing Defendants mischaracterized the record by arguing that Complexity had not participated in the litigation in any meaningful way when, in fact, Complexity had filed a motion to dismiss and an answer, and (3) that Defendant McKnatt's notice of removal did not address Plaintiff's pending arguments regarding unanimity.

None of the proffered reasons show that the Magistrate Judge's conclusion is clearly erroneous or contrary to law. The fact that an argument is novel does not necessarily mean it is unreasonable and, as the Magistrate Judge noted, courts in other jurisdictions have discussed the concept of a unanimity exception when one defendant is a defunct entity or is unreachable. Regarding the second point, the parties may debate whether Complexity "meaningfully" participated in the litigation by joining the other defendants in an answer and a motion to dismiss filed several months before the removal, but that debate does not render Removing Defendants' argument unreasonable. And finally, the Court finds the argument regarding Defendant McKnatt's notice of removal irrelevant to this issue. Neither these facts nor Plaintiff's passing reference to alleged stall tactics reveal a clear error or a legal flaw in the R&R.

The Court reaches the same conclusion regarding Plaintiff's cited case law. Given the fact-specific inquiry that the "objectively reasonable" standard entails, the cited cases do not contradict the Magistrate Judge's recommendation or suggest that the same is contrary to law.

### III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objection (ECF No. 31), **ADOPTS AND AFFIRMS** the R&R (ECF No. 29), and **REMANDS** this case to the Franklin County Court of Common Pleas. The Clerk is **DIRECTED** to remove this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

                                                 /s/ Gregory L. Frost
                                                 **GREGORY L. FROST**
                                                 **UNITED STATES DISTRICT JUDGE**